Aida **KRAIKEMAN**, Plaintiff,

v.

**SABENA BELGIAN WORLD AIRLINES**, Defendant.

No. 86 Civ. 9489 (LLS).

United States District Court,
S.D. New York.

Dec. 9, 1987.

Kenneth A. Hicks, New York City, for plaintiff.

Sidley & Austin, Chicago, Ill., for defendant; Julie Allen, Neil L. Brilliant, of counsel.

**OPINION AND ORDER**

STANTON, District Judge.

Defendant, concededly an agency or instrumentality of the Belgian government

within the scope of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1330, 1332(a)(2), (4), 1391(f), 1441(d), and 1602–1611 ("FSIA"), moves to strike the jury demand in this action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634 ("ADEA").

Plaintiff claims that the interplay between the 1978 amendment of the ADEA and the decision of the Supreme Court in *Lorillard v. Pons*, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978) gave the ADEA's jury trial provisions a unique "gloss" which brought them within the protection of the Seventh Amendment and overcame the limitations of the FSIA, which provides for only nonjury suits against foreign sovereigns or their agents. This narrow point is one of first impression.

Plaintiff's argument rests on Mr. Justice Marshall's statement in *Lorillard v. Pons*, 434 U.S. at 583, 98 S.Ct. at 871–72, in the course of holding that the ADEA's legal remedies indicated that Congress contemplated jury trials, that "[t]he word 'legal' is a term of art: In cases in which legal relief is available and legal rights are determined, the Seventh Amendment provides a right to jury trial."

With that language before it, in that same year (1978) Congress amended the ADEA to make explicit its provision of jury trials in suits against private employers, and local and state governments. 29 U.S.C. §§ 626(c), 630(b). Plaintiff urges that Congress thereby codified Seventh Amendment protection for ADEA jury trials. To plaintiff, it is immaterial that the 1978 amendment of ADEA did not expressly provide a right to jury trials in suits against the federal government because (a) the United States has an immunity which allows it to put conditions upon its consent to be sued, an immunity which foreign sovereigns doing commercial business here (such as this defendant) do not have, and (b) one must look to the legal right being asserted rather than the party being sued, *citing Rex v. Cia. Pervana De Vapores, S.A.*, 660 F.2d 61, 70–76 (3d Cir.1981) (Sloviter, C.J., dissenting), *cert. denied*, 456 U.S. 926, 102 S.Ct. 1971, 72 L.Ed.2d 441 (1982).

The argument, although ingeniously constructed, lacks merit. Mr. Justice Marshall, in *Lorillard v. Pons*, did not hold that a jury trial in ADEA cases was required or protected by the Seventh Amendment. Reasoning from the Fair Labor Standards Act, he found congressional intent to provide jury trials in private ADEA suits; but he described the right as statutory, 434 U.S. at 580–84, 98 S.Ct. at 869–72, and expressly disavowed addressing the Seventh Amendment issue. *Id.* at 577, 98 S.Ct. at 868. Nor can one ignore the special character of the party being sued in determining whether a jury may vindicate the right asserted: the very language in *Lorillard v. Pons* on which plaintiff relies (quoted above) was held not to apply to suits against the federal government. *Lehman v. Nakshian*, 453 U.S. 156, 163, 101 S.Ct. 2698, 2702–03, 69 L.Ed.2d 548 (1981). *See also Williams v. Shipping Corp. of India*, 653 F.2d 875, 883 (4th Cir.1981) ("it is not enough that the nature of the plaintiff's action is 'legal' rather than maritime or equitable; the action must also be brought against a defendant who was suable at common law 1791"). Congress "expressly provided for jury trials in the section of the [ADEA] applicable to private-sector employers, and to state and local governmental entities" but notas against the federal government, *Lehman*, 453 U.S. at 168, 101 S.Ct. at 2705; nor did it deal with foreign sovereigns.

Because of the limited grant of jurisdiction in 28 U.S.C. § 1330, there is no jury trial in actions against foreign states (or their agencies, organs or instrumentalities, 28 U.S.C. § 1603) in federal courts, regardless of whether the basis of jurisdiction is diversity of citizenship or a "federal question." *Ruggiero v. Compania Peruana De Vapores*, 639 F.2d 872 (2d Cir.1981). The Seventh Amendment does not compel a jury trial of actions against foreign sovereigns, because the amendment preserves the right to a jury in actions of the nature

of those that existed at common law (rather than in equity or admiralty) in 1791, and "[w]e have been pointed to nothing to show that a right of jury trial existed under the common law in 1791 with respect to a suit against a foreign government or an instrumentality thereof; such a suit could not be maintained at all." *Id.* at 879. *Accord, Bailey v. Grand Trunk Lines New England,* 805 F.2d 1097 (2d Cir.1986), *cert. denied,* — U.S. —, 108 S.Ct. 94, 98 L.Ed.2d 54 (1987); *Rex v. Cia. Pervana De Vapores, S.A.,* 660 F.2d at 63; *Williams v. Shipping Corp. of India,* 653 F.2d 875.

Congress reasoned that trying actions "by a court without a jury will tend to promote a uniformity in decision where foreign governments are involved." H.R.Rep. No. 1487, 94th Cong.2d Sess., *reprinted in* 1976 U.S. Code Cong. & Admin. News, 6604, 6611–12, 6613; S.Rep.No. 1310, 94th Cong., 2d Sess. 12, 13–14.

The law regarding actions against foreign sovereigns is *sui generis* (*Ruggerio,* 639 F.2d at 881; *Rex,* 660 F.2d at 68), and there is no reason to suppose that Congress intended to alter it by the 1978 amendment specifying jury trials of ADEA actions against private employers and local and state governments.

Since the FSIA does not give federal courts jurisdiction to hold jury trials in cases against foreign sovereigns or their instrumentalities, the motion to strike the jury demand is granted.